UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROMERO AZEVEDO MATOS, on behalf of
himself and all other persons similarly situated,

                        Plaintiff,                        **COMPLAINT**

   -against-

QUALITY MODULAR SERVICES, LLC,
ARNOLD SOBRAL, and HELDER J. PEDROSA, SR.,       *Collective Action*

                        Defendant.
------------------------------------------------------------------------X

       Plaintiff, ROMERO AZEVEDO MATOS ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, QUALITY MODULAR SERVICES, LLC, ARNOLD SOBRAL, and HELDER J. PEDROSA, SR., alleges as follows:

## NATURE OF THE ACTION

       1.     Defendants, QUALITY MODULAR SERVICES, LLC, ARNOLD SOBRAL, and HELDER J. PEDROSA, SR., failed to pay Plaintiff and other similarly situated employees premium overtime wages for hours worked in excess of forty hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

       2.     Plaintiff brings this action against Defendants to recover unpaid wages on behalf of himself and all individuals similarly situated under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), under the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

## PARTIES

6. At all times relevant, Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of New York Labor Law § 190(4).

7. Defendant, QUALITY MODULAR SERVICES, LLC, is a domestic business limited liability company.

88. At all times relevant, Defendant, QUALITY MODULAR SERVICES, LLC, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d). Defendant was and still is an "employer" within the meaning of NYLL § 190(3).

9. At all relevant times, Defendants were subject to the requirements of the FLSA because they had annual gross revenue of at least $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees were engaged in construction and maintenance and used tools, equipment and other materials which originated in other states.

10. Defendant, ARNOLD SOBRAL, was a member and/or officer of QUALITY MODULAR SERVICES, LLC, had authority to make payroll and personnel decisions for QUALITY MODULAR SERVICES, LLC, was active in the day-to-day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages

were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

11.  Defendant, HELDER J. PEDROSA, SR., was a shareholder and/or officer of QUALITY MODULAR SERVICES, LLC, had authority to make payroll and personnel decisions for QUALITY MODULAR SERVICES, LLC, was active in the day-to-day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTUAL ALLEGATIONS

12.  Defendants install portable office units and temporary work spaces.

13.  Plaintiff was employed by Defendants as a laborer from in or September 2018 to in or about October 31, 2021.

14.  Plaintiff was a non-exempt hourly paid employee. Plaintiff's regular rate of pay was $15.00 per hour at the start of his employment and $19.00 per hour when his employment with Defendants terminated.

15.  Throughout his employment with Defendant, Plaintiff regularly worked more than 40 hours in a single workweek. Plaintiff regularly worked Monday through Saturday, 6 days per workweek. Plaintiff began each workday at 5:00 a.m. or 6:00 a.m. The time that Plaintiff finished work varied from workday to workday and ranged between 6:00 p.m. and 8:00 p.m.

16.  Defendants failed to pay Plaintiff overtime at a rate not less than one and one-half times his regular rate of pay for hours worked in excess of 40 hours in a single workweek in violation of the FLSA and NYLL. Instead, Defendants paid Plaintiff at his regular rate of pay for

all hours worked, including those hours worked after 40 hours in a single workweek. For example:

- for hours worked during the period August 16, 2021 to August 20, 201, Defendants paid Plaintiff for 47 hours all at his regular hourly rate of $19 per hour for a total of $893.00;

- for hours worked during the period August 30, 2021 to September 4. 2021, Defendants paid Plaintiff for 57 hours all at his regular hourly rate of $19 per hour for a total of $1,083.00;

- for hours worked during the period July 22, 2019 to July 27, 2019, Defendants paid Plaintiff for 58 hours at his regular rate of $16 for a total of $928.00;

- for hours worked during the period June 3, 2019 to June 7, 2019, Defendants paid Plaintiff for 63 hours at his regular rate of $15 for a total of $945.00;

- for hours worked during the period December 10, 2018 to December 14, 2018, Defendants paid Plaintiff for 47 hours at his regular rate of $15.00 for a total of $705.00;

- for hours worked during the period October 15, 2018 to October 20, 2018, Defendants paid Plaintiff for 63 hours at his regular rate of $15 for a total of $945.00.

17. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law §195.

18. Defendants failed to provide Plaintiff with an accurate wage statement each pay period as required by Labor Law §195.

19. Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

20. Defendants entered into contracts with governmental entities to provide construction services upon Public Works Projects.

21. Defendants installed portable office units and temporary work spaces at various public facilities and educational institutions, including but not limited to, Suffolk County Community College, Staten Island University Hospital, and the Long Beach Police Department.

22. Under the public works contracts, Defendants agreed to comply with the requirements of New York Labor Law § 220 and that all employees, including subcontractors' employees, would be paid prevailing wages and supplements. The Prime Contract was required to include this provision pursuant to the New York Labor Law.

23. Upon information and belief, the contracts for these public works projects required that Defendants pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public work projects. Upon information and belief, the public works contracts also provided that any subcontracts that Defendants entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.

24. As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to the Plaintiff should have been annexed to and formed as part of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

25. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate in the public works contracts was made for the benefit of all workers furnishing labor

on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise and the contracts entered into between Defendants and public entities.

26. Defendants paid Plaintiff less than the prevailing rates of wages and supplements to which Plaintiff was entitled.

27. Plaintiff is a third-party beneficiary of Defendants' promise in the public works contracts to pay all employees prevailing wages and supplements.

28. Plaintiff has not received wages for all hours worked at the rates required by the public works contracts.

29. As an employee of Defendants who was assigned to work on Defendants' publicly financed projects, Plaintiff was an intended third-party beneficiary of Defendants' public works contracts.

30. Defendants failed to pay Plaintiff at the appropriate prevailing wage rates for their publicly financed contracts.

## COLLECTIVE ACTION ALLEGATIONS

31. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

32. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The

named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

33. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendants as laborers and/or mechanics at any time during the three (3) years prior to the filing of their respective consent forms.

34. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b).

35. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which have been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

36. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

7

38. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

39. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

40. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

43. By defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

44. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW SECTION 195(1)**

43. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York Labor Law.

45. Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW SECTION 195(3)**

46. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by Section 195 of the Labor Law.

48. Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

**FIFTH CLAIM FOR RELIEF**
**BREACH OF CONRACT AS THIRD-PARTY BENEFICIARY**

49. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants entered into contracts with one or more third parties to provide services on Public Works Projects for which Plaintiff provided labor.

51. Defendants agreed as part of such contracts and/or as a matter of law were required by such contracts to pay Plaintiff a "prevailing wage."

52. Plaintiff was a third-party beneficiary of the contracts entered into by Defendants.

53. Defendants breached the Public Works contracts in that they failed to pay Plaintiff the prevailing wages for all labor performed on the Public Works Projects and that Plaintiff did not receive the monies they were due as a third-party beneficiary of the contracts.

54. Defendants are liable to Plaintiff for damages based upon an accounting of the wages the Plaintiff was paid and the wages he was entitled to be paid as a third-party beneficiary of the contracts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Certification of a Collective Action pursuant to 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(iv) Unpaid wages pursuant to New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(v) Damages pursuant to New York State Labor Law § 198(1-a);

(vi) Damages based upon an accounting of the wages the Plaintiff was paid and the wages he was entitled to be paid as a third-party beneficiary of the contracts;

(vii)    All attorneys' fees and costs incurred in prosecuting these claims; and

(viii)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 2, 2022

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s/ Peter A. Romero, Esq.*
_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Quality Modular Services, LLC., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____          _02/16/2022_
Romero Matos                              Date